**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence J. HOWARD, Defendant–
Appellant.**

**No. 91–2919.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1992.
Decided April 14, 1992.

Mel S. Johnson, Asst. U.S. Atty., Milwaukee, Wis. (argued), for plaintiff-appellee.

Christopher Lowe, Milwaukee, Wis. (argued), for defendant-appellant.

Before CUDAHY, and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

RIPPLE, Circuit Judge.

Clarence J. Howard was charged with possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 924(c). He filed a pre-trial motion to suppress evidence obtained in a search of his apartment and statements made after the search on the ground that the search was conducted after agents had not complied with 18 U.S.C. § 3109's "knock and announce" requirement. The district court denied Mr. Howard's motion on the ground that exigent circumstances warranted a forced, unannounced entry. Mr. Howard then pleaded guilty, but reserved the right to appeal the denial of his motion to suppress. For the reasons set forth in this opinion, we affirm.

I

BACKGROUND

On February 1, 1991, agents of the United States Bureau of Alcohol, Tobacco, and Firearms (BATF) applied for and were granted a warrant to search the premises of Apartment 16 at 4937 North 39th Street in Milwaukee, Wisconsin. The warrant was issued by the United States District

Court for the Eastern District of Wisconsin on the basis of an affidavit alleging that Clarence J. Howard, the defendant, had sold cocaine at the apartment while in possession of a firearm—a nine millimeter pistol. According to the affidavit, the information was fresh; it had been given to the police one day earlier, on January 31, 1991, and the informant stated that he had observed the sale of cocaine and the gun in the apartment within 72 hours of informing the police.

After securing the warrant, Special Agent Stephen Laworski of the BATF held a briefing for officers of the Tactical Enforcement Unit of the City of Milwaukee Police Department who would assist the BATF in executing the warrant. During the briefing Special Agent Lawroski instructed the Milwaukee Police officers of the "knock and announce" requirement of 18 U.S.C. § 3109.[1] Following the briefing, at about 5:50 p.m., the officers proceeded to the apartment to conduct the search.

When they arrived, the officers positioned themselves in the hallway outside Apartment 16. Officer Lawrence DeValkenaere, holding a battering ram, positioned himself just to the east of the apartment door. Sergeant Fred Shippee stood approximately ten feet[2] west of Officer DeValkenaere along the north wall of the hallway. Another four officers stood between Officer DeValkenaere and Sergeant Shippee. When all the officers were in position, Sergeant Shippee knocked loudly with his fist on the hallway wall opposite from Apartment 16 and shouted, "police officers, search warrant." Officer DeValkenaere testified that, when Sergeant Shippee knocked and announced the presence of the officers, he heard voices inside the apartment fall quiet, then voices again, and then a hurried motion.[3] Officer DeValkenaere said, "They're running," and Sergeant

Shippee ordered Officer DeValkenaere to ram the door. Officer DeValkenaere forced the door open, and the officers entered the apartment. Estimates of the time that elapsed between Sergeant Shippee's announcement and the entry ranged from three to twenty seconds. In orally denying the suppression motion, the district court found that five or six seconds elapsed.

On entering the apartment, the officers found four men in the living room and a woman and her child in the bedroom. The officers quickly secured the area and placed the four men in handcuffs and on their knees while a search of the apartment was conducted. The officers found a small quantity of cocaine, a handgun, and some drug paraphernalia in the apartment. Approximately thirty to forty minutes after the police first entered the apartment, they read Mr. Howard his *Miranda* warnings. Mr. Howard waived his rights and admitted that he owned the drugs and weapon found in the apartment. Mr. Howard was arrested and taken to the city police station. At the police station, after having been given his *Miranda* warnings a second time, Mr. Howard again admitted that he owned the drugs and weapon found in the apartment. He was charged with possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 924(c), and subsequently convicted of that offense.

## II

### ANALYSIS

On appeal, Mr. Howard challenges the district court's denial of his motion to suppress the physical evidence found in the apartment as well as the statements he made at the time of his arrest. Mr. Howard argues that, because police officers

---

**1.** Section 3109 provides:
The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

**2.** Estimates given by officers testifying at the suppression hearing ranged from six to fifteen feet.

**3.** Sergeant Shippee testified to hearing "stomping" noises, and Officer Jerome Paulbecki testified to hearing movement "like somebody running."

failed to comply with 18 U.S.C. § 3109's "knock and announce" requirement, any evidence obtained as a result of the search was illegal and inadmissible at trial. The government argues that the entry did not violate 18 U.S.C. § 3109, but that, even if it did, exigent circumstances existed which permitted the agents to disregard the "knock and announce" requirement.

The district court did not determine whether the government violated section 3109, although it stated that "compliance with Section 3109 is doubtful at best." Tr. II at 85. Instead, the district court resolved the case by finding that, notwithstanding the possible violation of section 3109, exigent circumstances existed at the time of the search which justified the manner of the entry.

Like the district court, we find it unnecessary to decide whether the law enforcement officers who executed the search warrant complied with the "knock and announce" requirement. We agree that exigent circumstances justified disregarding the knock and announce requirement. We therefore affirm the district court's denial of Mr. Howard's motion to suppress.

 The question whether exigent circumstances exist in the execution of a search warrant is a mixed question of law and fact. *United States v. Stewart*, 867 F.2d 581, 584 (10th Cir.1989); *United States v. McConney*, 728 F.2d 1195, 1205 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We review the trial court's findings on the underlying facts surrounding the execution of the warrant under the "clearly erroneous" standard. *Stewart*, 867 F.2d at 584; *McConney*, 728 F.2d at 1205; *see also United States v. Marin*, 761 F.2d 426 (7th Cir.1985). The determination that those facts constitute exigent circumstances is a legal question subject to de novo review. *Stewart*, 867 F.2d at 584; *McConney*, 728 F.2d at 1205. Exigent circumstances "exist ... when a suspect's awareness of the search would increase the danger to police officers or others, or when an officer must act quickly to prevent the destruction of evidence," *United States v. Singer*, 943 F.2d 758, 762 (7th Cir.1991), or when "a reasonable person [would] believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *McConney*, 728 F.2d at 1199. As with a warrantless entry, the exigencies must be viewed "from the totality of the circumstances known to the officers at the time." *United States v. Lindsey*, 877 F.2d 777, 781 (9th Cir.1989) (quoting *United States v. Licata*, 761 F.2d 537, 543 (9th Cir.1985)); *cf. Sabbath v. United States*, 391 U.S. 585, 588, 88 S.Ct. 1755, 1757, 20 L.Ed.2d 828 (1968) (warrantless entries must be tested by same criteria as § 3109). In this case, the district court found that, at the time of the search, law enforcement officers had specific knowledge that the defendant was in possession of a firearm, and that he had previously fired it in the hallway outside his apartment. The police were also aware that Mr. Howard had sold illegal drugs on several specific occasions. Additionally, the district judge credited the officers' testimony that they heard movement in the apartment after Sergeant Shippee knocked on the wall opposite the defendant's apartment at the time of execution of the search.

On the basis of the record before us, we cannot conclude that the district court's factual findings were clearly erroneous. We believe that these facts, when assessed in their totality, justify the conclusion that exigent circumstances existed. The police knew the defendant had a gun and that he had been selling drugs. The movement in the apartment could have indicated either that the police were in personal danger or that drugs were being destroyed. The movement in the apartment at the time of the knock, in combination with the prior knowledge of the defendant's sale of illegal drugs and possession and use of a firearm, gave rise to exigent circumstances justifying entry in the manner it was accomplished here.

In *United States v. Stewart*, 867 F.2d 581 (10th Cir.1989), upon which Mr. How-

ard places great reliance, the Tenth Circuit held that circumstances which existed twenty-four hours prior to execution of a warrant and to which a response could be formulated during that time could not be considered "exigent" at the time of execution of the warrant. The court stated that the "exigent circumstances" exception to section 3109 was developed to "allow officers to formulate immediate responses to emergency situations that arise on the scene during the execution of a search warrant." *Id.* at 585. On the basis of *Stewart*, Mr. Howard argues that, because the police were aware of the defendant's history of selling drugs and use of a firearm before the time they executed the search warrant, these facts should not be considered in determining whether exigent circumstances existed when the warrant was executed.

This argument reads *Stewart* far too broadly and would impose an unrealistic burden on law enforcement officers. First of all, the facts in *Stewart* were very different from the facts in the present case. In *Stewart*, agents made no attempt to comply with section 3109. Instead, acting according to plan, without any knock or warning, agents broke down the front door and immediately threw a full charge stun grenade into the living room. *See Stewart*, 867 F.2d at 583. There were no reliable facts "known to the police that would have led to the inference that firearms were present in the house." *Id.* The agents cited only generalities—that the defendant was Jamaican and that some Jamaican drug dealers fortified their houses and most were armed—to support the assertion that exigent circumstances justified noncompliance with section 3109. The Tenth Circuit properly noted that the officers' decision on the mode of entry was based on "generalities that bore no relation to the particular premises being searched or the particular circumstances surrounding the search." *Id.* at 585. By contrast, the record in this case reveals that the exigent circumstances arose when the officers, after giving notice of their presence and intention, heard movement within the apartment. That movement in combination with the officers' prior knowledge of the defendant's history, gave rise to exigent circumstances warranting a forced entry. To deny law enforcement officers the right to react to such an immediate danger simply because they had knowledge that they were operating in a potentially dangerous situation is totally unrealistic.

### Conclusion

We therefore agree with the district court that exigent circumstances existed at the time of execution of the warrant sufficient to allow law enforcement officers to disregard the section 3109 "knock and announce" requirement. Because the search did not follow an entry which violated 18 U.S.C. § 3109, there is no question whether the defendant's statements made at the time of his arrest were inadmissible as "fruit of the poisonous tree."

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.