41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond GREEN and Sammy Triplett, a/k/a Sammy Brown,
Defendants-Appellants.
 Nos. 94-1822, 94-1823.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 7, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 After entering conditional pleas of guilty, Raymond Green and Sammy Triplett (aka Sammy Brown) appeal from the denial of their motion to suppress, contending that no exigent circumstances supported the police officers' entry into a second-floor flat when they heard someone flee upstairs from the first-floor flat where the officers were executing a search warrant.
 
 Background
 
 2
 On September 20, 1993 at 6:30 a.m., two Milwaukee police officers approached a two-flat duplex in order to execute a search warrant[1] for the first-floor flat. The targets of the search warrant were drugs, drug paraphernalia, currency, firearms, and Stacy Johnson. The two officers announced themselves and used a battering ram to open the door. As they entered the flat, they heard a door close in the rear kitchen area and heard someone running up the rear hallway stairs to the second-floor flat. The two officers ran up the back stairs and heard a door ahead of them slam. They stood outside the second-floor flat and heard movement inside. They repeatedly announced their office and asked the person to open the door, but there was no response. A third officer stationed outside then shouted that someone was trying to escape through a second-story window, and had his head, shoulders and foot outside the window. The two officers at the door forced their way into the flat.
 
 
 3
 Inside the second-floor flat, the officers made a security sweep. In the living room, sitting on a table, were a bag of cocaine, a gun, and a triple-beam balance scale. Triplett was found hiding in the attic. At this point, the police obtained a search warrant for the second-floor flat. A subsequent search revealed papers in the name of Triplett and Green, a locket closet with over one-half kilogram of cocaine, $8,000 in cash, a .357 revolver, and a bullet-proof vest. (Nothing was found in the first-floor flat.)
 
 
 4
 While executing the search warrant, one of the officers answered the telephone. The caller identified himself as "Ray," wanted to know what was going on, and said he would be right over. Five or ten minutes later, Green arrived. He had keys to the second-floor flat, including the locked closet. Both defendants were arrested.
 
 Discussion
 
 5
 We will not overturn the district court's decision on a motion to suppress unless it is clearly erroneous. United States v. Bennett, 908 F.2d 189, 192 (7th Cir.1990). The exigent circumstances exception to the warrant requirement provides that a "warrantless entry by criminal law enforcement officials may be legal when there is a compelling need for official action and no time to secure a warrant." Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949-50, 56 L.Ed.2d 486 (1978). The determination that those facts constitute exigent circumstances is a legal question subject to de novo review. United States v. Howard, 961 F.2d 1265, 1267 (7th Cir.1992). Exigent circumstances exist "when a suspect's awareness of the search would increase the danger to police officers or others, or when an officer must act quickly to prevent the destruction of evidence," United States v. Singer, 943 F.2d 758, 762 (7th Cir.1991), or when "a reasonable person [would] believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." United States v. Howard, 961 F.2d at 1267. The exigencies must be viewed from the totality of the circumstances known to the police officers at the time. Id.
 
 
 6
 The police were lawfully inside the first-floor flat. When they heard someone fleeing out the back door, they were in a legitimate emergency situation. They had to either let the person (who might have been Stacy Johnson, named in the warrant) escape, perhaps with evidence he planned to destroy, or chase him. They had reason to suspect that the person would be armed. Once they arrived at the door to the second-floor flat, they did not enter until a few minutes later when they learned someone was hanging his foot, arms and head out a second-floor window in an apparent escape attempt. It was only then that the police entered the second-floor window in an apparent escape attempt. Once inside, the police were permitted to make a security sweep. Maryland v. Buie, 494 U.S. 325, 334, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276 (1990). In quickly glancing through the living room, they saw cocaine, a gun and a scale sitting out in plain view on a table. The weapon gave the police further cause to believe the person they were chasing might be armed and dangerous, and that controlled substances were present and might be destroyed. See United States v. Foxworth, 8 F.3d 540 (7th Cir.1993) (upholding warrantless motel room entry because of probability of violent confrontation and possible destruction of evidence). In glancing through the attic, they saw Triplett himself.
 
 
 7
 In this rapidly changing situation, it would be imprudent to require the police to watch all windows and doors for Triplett until they obtained another search warrant. See Foxworth, 8 F.3d at 544. See also Howard, 961 F.2d at 1267 (after police knocked on door, they heard movement in apartment at time of execution of search warrant; movement could have indicated either that the police were in personal danger or that drugs were being destroyed); United States v. Johnson, 802 F.2d 1459, 1462 (D.C.Cir.1986) (when police executed search warrant on first floor, person in second-floor apartment was seen trying to dispose of a bag, but he withdrew upon seeing police in the alley; this was sufficient evidence that defendant was aware of police presence and seeking to dispose of contraband; "[i]t is only common sense to conclude that a suspect in this situation could and would dispose of remaining narcotics in the bathroom of the apartment or through some other means if given the time to do so"). The police search extended only to a cursory inspection of spaces where a person could be hiding, and took no longer than was necessary to dispel the reasonable suspicion of danger. Maryland v. Buie, 494 U.S. at 335, 110 S.Ct. at 1099.
 
 
 8
 No Fourth Amendment violation occurred. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This was a "no knock" search warrant, based on a confidential informant's observation of loaded semi-automatic firearms in the flat