**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Timothy BAILEY, Defendant–Appellee.**

No. 97–2878.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 12, 1997.

Decided Feb. 20, 1998.

Thomas A. Keith (argued), Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellant.

George F. Taseff (argued), Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellee.

Before CUMMINGS, ROVNER, and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

The issue presented in this case is whether the district court erred in suppressing evidence seized pursuant to a search warrant when police officers who reasonably suspected the destruction of evidence failed to announce "search warrant" prior to entering a residence. Based on the Supreme Court's decision in *Richards v. Wisconsin*, —— U.S. ——, 117 S.Ct. 1416, 137 L.Ed.2d 615, we hold that the destruction of evidence is an exigent circumstance justifying dispensing with the knock-and-announce requirement. Because the evidence in this case established that the police officers were reasonable in believing that the destruction of evidence was imminent, the officers were excused from complying with the knock-and-announce requirement, and the district court's order suppressing the evidence is reversed.

I.

On February 13, 1997, police officers in Peoria, Illinois, executed a search warrant at 817 N.E. Madison Avenue in Peoria, Illinois, for cocaine and related drug paraphernalia. The police officers were investigating the illegal sales of controlled substances from the apartment located at that address. Ila Truitt and her four sons, the defendant Timothy Bailey, Glen Bailey, Antonio Bailey, and Shane Williams, lived at the residence. A confidential informant had purchased cocaine from the defendant's three brothers and another person several times at that address.

At a pre-raid meeting before executing the warrant, the police officers were informed that some of the residents regularly kept drugs in their mouths in order to swallow them if approached by police. Approximately ten police officers wearing police uniforms or police raid jackets imprinted with the word "police" then arrived at 817 N.E. Madison to execute the search warrant.

The majority of the officers approached the rear entrance of the residence and paused at the back door to listen for noises coming from within but heard nothing. Sergeant David Millard proceeded to pound on the door about six times and shout "police." Pausing again for several seconds to listen for sounds, Sergeant Millard described hearing "running or shuffling" inside the residence (Plaintiff's App. 8, 18), and Officer Michael Patterson described hearing "somebody running, feet clattering, somebody running away from the door" (Plaintiff's App. 30). After waiting another four to five seconds for someone to come to the door, Sergeant Millard ordered Officer Patterson to make a forced entry due to concern that the occupants would swallow the drugs that were the target of the search. Officer Patterson testified that Sergeant Millard waited another five to ten seconds after hearing noises before ordering the entry. As the police officers entered the residence, they shouted "police, search warrant."

Officer Anderson found the defendant on the couch in the front of the home and ordered the defendant to spit out whatever

was in his mouth. The defendant spit out a plastic baggie containing approximately 7.3 grams of crack cocaine and stated that "[i]t's all mine, it ain't nobody else's." (Plaintiff's App. 9).[1] Sergeant Millard read the defendant his *Miranda* warnings. The defendant agreed to speak with Officer Anderson and Sergeant Millard and told them that he had purchased a quarter ounce of cocaine for $300 and that he had intended to resell the cocaine in .2 gram rocks at $20 each. The police officers then arrested the defendant. Defendant was indicted for possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a).

On April 29, 1997, the defendant filed a motion to suppress all physical evidence seized during the execution of the search warrant and all statements made before and after his arrest, alleging that his Fourth Amendment rights were violated by the officers' failure to give notice of their purpose before entering the residence. While the officers announced their identity prior to entry, the officers did not state, in addition, that they were there to execute a search warrant. Defendant further contended that no exigent circumstances existed which excused the knock-and-announce requirement.

On May 30, 1997, the district court granted the motion and ordered the suppression of evidence. The district court found that the words "search warrant" were not shouted by the police prior to entry, and, therefore, the announcement was insufficient. The court then determined that no exception to the knock-and-announce requirement applied in this situation. The court did find that the police had reason to believe that evidence was being destroyed based on the movement the officers heard coming from inside the home and the officers' knowledge that residents kept drugs in their mouth in order to swallow them if approached by police. Specifically, the court stated that

> It seems to me that hearing movement inside the apartment, movement which I can accept suggested that somebody was moving around, whether they were run-

ning or walking, and the knowledge that they were known to keep drugs in their mouth, there was some desire on the part of the police to move quickly. And I don't have any problems with when they decided to use the ram to break down the door.

(Plaintiff's App. 63). However, the district court found destruction of evidence an insufficient basis to excuse the knock-and-announce requirement. The court held that the knock-and-announce requirement was excused only if the police had reason to believe that the occupants posed a threat to the safety of the officers; it was not excused if police had reason to believe that evidence was about to be destroyed. The court stated that

> [t]here was no indication that there [were] weapons inside that house, that there was a possibility [they] would be used. So it seems to me that there was no reason why the police should not have complied with the fundamentals to announce "police, search warrant" * * * *

(Plaintiff's App. 64).

Because there was no threat to officer safety, the court suppressed the evidence, concluding that the announcement of "police" without adding "search warrant" prior to the officers' entry was an insufficient announcement and that there were "no exigent circumstances * * * that would warrant not even announcing one has a search warrant before one entered." (Plaintiff's App. 66).

The government filed a motion for reconsideration which was denied. On July 21, 1997, the government filed a timely notice of appeal of the order denying the motion for reconsideration and the order suppressing evidence. The government certified to the district court that the case would go to trial only if the order suppressing the evidence was reversed but did not file a certificate pursuant to 18 U.S.C. § 3731 certifying that the appeal was not taken for purpose of delay and that the evidence was a substantial proof of a fact material in the proceeding.

---

1. The police also recovered a quarter ounce of crack cocaine from a laundry basket located inside a closet in front of which defendant's broth-

er was standing. Additionally, the police found crack cocaine on the living room floor of the residence.

## II.

Before reaching the merits, we must address defendant's motion to dismiss this appeal based on the government's failure to certify to the district court that the appeal was not taken for purpose of delay and that the evidence was a substantial proof of a fact material in the proceeding as required by 18 U.S.C. § 3731.

Section 3731 provides in pertinent part:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence * * * if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

Contrary to defendant's contention, § 3731's certification requirement is not a jurisdictional requirement, and the government's failure to file a certification in a timely manner does not divest this Court of jurisdiction to hear an appeal, as would failure to file the notice of appeal within thirty days of the district court's opinion. *United States v. Hanks*, 24 F.3d 1235, 1237 (10th Cir.1994). "A failure to file the certificate within thirty days is an irregularity in perfecting the appeal but does not operate to deprive the court of jurisdiction." *Id.* (quoting *United States v. Welsch*, 446 F.2d 220, 224 (10th Cir.1971)). Addressing filing irregularities, Rule 3(a) of the Federal Rules of Appellate Procedure states that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Therefore, if the government files the certificate late, the appellate court has discretion in deciding whether to hear the appeal in light of such defect. *Hanks*, 24 F.3d at 1237.

While the government here filed its appeal within the required thirty days, the government did not file in a timely manner its certification that it was not taking the appeal for purposes of delay and that the evidence was a substantial proof of a fact material in the proceeding. However, notwithstanding this mistake, we believe that the government's appeal should stand.

The purpose of the certification requirement of § 3731 is to show that the prosecuting official made a thorough and conscientious analysis of the case before deciding to appeal. *United States v. Carrillo–Bernal*, 58 F.3d 1490, 1493 (10th Cir.1995). In this case, the prosecution engaged in a reasoned pre-appeal analysis. The government informed the district court that the case would go to trial only if the order suppressing the evidence is reversed. The government conceded that it would dismiss the case if the appeal were unsuccessful, indicating that the appeal is dispositive of the government's case and is not taken for the purpose of merely delaying the trial. In addition, the government believed the evidence to be so material to its prosecution that it is unable to proceed with the case if such evidence remains suppressed, indicating that the evidence is a substantial proof of a fact material in the proceeding as required by § 3731. Therefore, we find that the decision to appeal was preceded by a conscientious pre-appeal analysis.

Additionally, we take into consideration that the Assistant United States Attorney believed, albeit erroneously, that he had complied with the certification requirement. When the government informed the court of its intent to appeal the suppression order, it certified to the court that the appeal would be dispositive of the case if the order to suppress was affirmed. When the government became aware that this was not a sufficient certification under § 3731, it filed a late certification with the district court on October 10, 1997.

The late certification to the district court does not excuse the failure to file the certification at the same time as the notice of appeal was filed. However, based on the circumstances surrounding this appeal, we do not believe that this error on the government's part warrants dismissing the appeal. While we do not condone the government's failure to timely file the § 3731 certificate, exercising our broad discretion regarding the certification requirement, we deny defen-

dant's motion to dismiss the appeal and proceed to the merits of the case.

## III.

 The issue presented in this case is whether evidence seized pursuant to a search warrant by police officers who reasonably suspect the destruction of evidence but fail to announce "search warrant" before entering a residence should be suppressed or whether a reasonable belief that evidence will be destroyed is an exception to the knock-and-announce requirement. The question of whether exigent circumstances exist in the execution of a search warrant is a mixed question of law and fact. *United States v. Howard,* 961 F.2d 1265, 1267 (7th Cir.1992), certiorari denied, 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171. While the trial court's factual findings regarding the execution of the warrant are subject to the clearly erroneous standard, the determination of whether those facts constitute an exigent circumstance exception to the knock-and-announce requirement is a legal question subject to de novo review. *Id.* Based on the Supreme Court's decision in *Richards v. Wisconsin,* — U.S. ——, 117 S.Ct. 1416, 137 L.Ed.2d 615, we hold that the district court erred as a matter of law in not accepting destruction of evidence as an exigent circumstance excusing the knock-and-announce requirement.

In *Wilson v. Arkansas,* 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976, the Supreme Court established that the Fourth Amendment incorporates the common law requirement that police officers entering a residence must knock on the door and announce their identity and purpose before attempting forcible entry to execute a search warrant. *Id.* at 929, 115 S.Ct. at 1915. However, the Court was careful to note that not "every entry must be preceded by an announcement. The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Id.* at 934, 115 S.Ct. at 1918. Therefore, the Court stated that "[w]e simply hold that although a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry." *Id.* at 936, 115 S.Ct. at 1919.

In *Richards v. Wisconsin,* the Supreme Court articulated the circumstances under which an unannounced entry is reasonable under the Fourth Amendment. The Court held that police officers may dispense with the knock-and-announce requirement when they "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." — U.S. at ——, 117 S.Ct. at 1421. See also *Wilson,* 514 U.S. at 936, 115 S.Ct. at 1919 (noting that an "unannounced entry may be justified where police officers have reason to believe that evidence would likely be destroyed if advance notice were given"). The Court stated that the reasonable suspicion standard, as opposed to a probable cause requirement, "strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries." — U.S. at —— ——, 117 S.Ct. at 1421–1422. While the requisite showing is not high, the Court concluded that the police should be required to make it whenever the reasonableness of a no-knock or announce entry is challenged. *Id.* at ——, 117 S.Ct. at 1422.

This Court also has held that an officer's failure to knock and announce his or her presence and purpose before entering will be excused if "exigent circumstances" exist such as "when an officer must act quickly to prevent the destruction of evidence." *United States v. Singer,* 943 F.2d 758, 762 (7th Cir. 1991).

Based on these decisions, we reject the district court's conclusion that the knock-and-announce requirement is excused only when officers have reason to believe that occupants of a residence pose a threat to officer safety. The Supreme Court in *Richards* clearly indicated that other circumstances, in addition to officer safety, justify dispensing with the knock-and-announce requirement, such as

when "it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." ——— U.S. at ———, 117 S.Ct. at 1421. In failing to consider destruction of evidence as a justification for dispensing with the knock-and-announce requirement, the district court ignored the Supreme Court's use of the disjunctive in articulating the circumstances under which an unannounced entry is reasonable. The Supreme Court held that failure to knock or announce is permissible if officers have a reasonable suspicion that knocking and announcing "would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Id.* (emphasis added). Facts supporting a reasonable suspicion that any one of those exceptions exist justify dispensing with the knock-and-announce requirement. Therefore, the district court made an error of law in stating that there must be a basis to believe that the officers were in harm's way before making a forced entry without first announcing "search warrant." While a threat to officer safety would justify dispensing with the announcement of purpose, a reasonable suspicion that evidence will be destroyed also would justify such an exception.

### IV.

■ Having established that fear of destruction of evidence excuses the knock-and-announce requirement, the only issue remaining is whether the officers' belief in the destruction of evidence was reasonable. Whether the circumstances of a particular entry justify dispensing with the knock-and-announce requirement is a question of fact, subject to the clearly erroneous standard. *Howard,* 961 F.2d at 1267. While the court made an error of law regarding the scope of the exigent circumstances exception to the knock-and-announce requirement, the district court did make the requisite findings of fact regarding the reasonableness of the officers' belief that evidence was being destroyed. We believe that these facts justify the conclusion that exigent circumstances existed at the time of the execution of the warrant sufficient to allow police officers to disregard the knock-and-announce requirement, and thus

the district court's findings were not clearly erroneous.

The judge who heard testimony at defendant's suppression hearing concluded that it was reasonable for the officers executing the warrant to believe that the occupants might destroy evidence based on the movement the officers heard coming from inside the home and the officers' prior knowledge that the occupants kept the drugs in their mouth in order to swallow them if approached by the police. Specifically, the court found that

> It seems to me that hearing movement inside the apartment, movement which I can accept suggested that somebody was moving around, whether they were running or walking, and the knowledge that they were known to keep drugs in their mouth, there was some desire on the part of the police to move quickly. And I don't have any problems with when they decided to use the ram to break down the door.

(Plaintiff's App. 63).

We agree with the district court that the circumstances in this case establish that the officers had a reasonable suspicion that the occupants of the house might destroy evidence if given further opportunity to do so. These actual circumstances—the knowledge that drugs were being sold by the occupants and that the occupants might swallow drugs kept in their mouth, the sounds of running and shuffling noises, and the fact that the officers waited several seconds before concluding that no one was coming to the door— justified the officers' ultimate decision to enter without first announcing "search warrant." See *United States v. James,* 764 F.2d 885, 888 (D.C.Cir.1985) (holding that a reasonable interpretation of running sounds is that "inhabitants are well aware of the purpose of the police visit and are moving to destroy evidence," this being especially true where police had reliable information that drugs were being sold at that location). Prior announcement would have produced an unreasonable risk that the defendant would destroy easily disposable narcotics evidence. Thus, to insist that the officers announce they were there to execute a search warrant would be to require a "futile act." *Id.*

## V.

Based on *Richards*, a reasonable suspicion that evidence will likely be destroyed if advance notice was given justifies forcible entry without an announcement of authority and purpose, or, as in this case, with an announcement of authority but without an announcement of purpose. Because the evidence presented to support the officers' actions establishes that the police officers were reasonable in believing that the destruction of evidence was imminent, the knock-and-announce requirement was excused, and we reverse the order of the district court suppressing the evidence.