**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher T. LANGFORD, Defendant–Appellant.**

No. 02–1167.

United States Court of Appeals, Seventh Circuit.

March 27, 2003.

Before POSNER, EASTERBROOK, and MANION, Circuit Judges.

---

* Hon. Ilana Diamond Rovner, Hon. Diane P. Wood and Hon. Ann Claire Williams voted to

ORDER

EVANS, Circuit Judge.

On January 14, 2003 defendant-appellant filed a petition for rehearing and petition for rehearing *en banc* and on February 8, 2003 plaintiff-appellee filed an answer. A vote of the panel and active members of the Court was requested, and a majority of the judges * voted to deny a rehearing *en banc*. The petition is therefore DENIED.

Although I have voted to deny the petition for rehearing en banc, I do so without full confidence in the panel's conclusion that a violation of the "knock-and-announce" rule can never, under any circumstances, support a challenge to a search under the Fourth Amendment. But I nevertheless vote to deny rehearing en banc because this is not an appropriate case for hearing by the full court because there is no way the evidence obtained in the search could be suppressed. First, after a hearing, Judge Tinder found that the "knock-and-announce" rule was not violated. His findings of fact supporting that conclusion cannot be viewed as clearly erroneous. Secondly, the record establishes that the three people connected to the house had felony records, an informant alerted the police that guns may be present (one, in fact, was found), and a holster and an empty magazine were found in a search of trash discarded from the house before the warrant was obtained. All of this would add up to the unremarkable conclusion that exigent circumstances exempt this search from the usual requirement that officers knock and announce their presence before making an entry. So rehearing en banc, as I see it, could not inure to Mr. Langford's benefit. Accordingly, it's best

grant the petition for rehearing *en banc*.

to end this case now without further proceedings.