UNITED STATES of America,
Plaintiff–Appellee,

v.

Arthur L. ADAMS, Defendant–
Appellant.

No. 03–1635.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 5, 2003.

Decided Aug. 13, 2003.

Before EASTERBROOK, ROVNER,
and DIANE P. WOOD, Circuit Judges.

## ORDER

Arthur Adams was arrested after police officers searched his home pursuant to a warrant and eventually convicted for possession with intent to distribute in excess of five grams of cocaine base, 21 U.S.C. § 841(a)(1). On direct appeal, Adams argues that the district court should have suppressed the cocaine found on his person during the search because the police officers who executed the warrant violated the knock-and-announce rule. After *United States v. Langford*, 314 F.3d 892 (7th Cir.2002), the exclusion of evidence is not a remedy available in this circuit for a violation of the knock-and-announce rule, and, for that reason, we affirm.

Adams does not contest the validity of the search warrant, only the legality of its execution. Peoria Police Officer Timothy Anderson obtained the warrant from an Illinois state judge in order to search Adams' home and his person for evidence that Adams possessed and intended to distribute cocaine. Officer Anderson and twelve other officers from the Vice and Narcotics Unit arrived at Adams' home at around 4:00 p.m. the next day to execute the warrant. The officers, led by Officer John Couve, approached the front door in a single file. Officer Couve was wearing a

navy blue t-shirt with the word "police" printed on the front and back in four-inch high white letters.

The storm door to the front entrance was closed, but the inner door was open, revealing Adams' dining room. Standing at the storm door and facing straight into the residence, Officer Couve made eye contact with Adams, who was sitting at the dining room table along with his wife Edna and two other individuals. As Officer Couve knocked on the storm door and announced, "Police, search warrant," Adams and Edna stood up. Adams did not move from the table, but, according to Officer Couve, Edna turned her back to the door and began moving towards the interior of the house. Fearing that Edna was preparing to get a weapon or destroy evidence, Officer Couve opened the storm door, drew his weapon, and, followed by the other officers, entered the home, yelling, "Police, get down on the ground." The officers estimated that only two to four seconds elapsed between the time Couve knocked on the door and announced the search warrant and the time he opened the door and entered the residence. The officers searched Adams and found a baggy containing 5.8 grams of crack in his pants pocket.

Adams was subsequently arrested by federal agents and indicted by a federal grand jury for possession with intent to distribute crack. Adams filed a motion to suppress the evidence obtained through the search, arguing that Officer Couve had violated the knock-and-announce rule when he stormed into Adams' residence only two to four seconds after knocking on the door. The district court held an evidentiary hearing on the motion to suppress, and Officer Couve testified that he entered the residence after only two to four seconds because he believed that Edna Adams might have the opportunity to retrieve a weapon or destroy evidence if

he waited any longer. But Adams pointed out that the police report of the incident—which was prepared by Officer Anderson, not Officer Couve—said nothing about Edna Adams stepping away from the table or moving away from the door. Although Officer Couve saw Officer Anderson's report two weeks before the evidentiary hearing, he did not supplement the report to explain that he had entered the house without waiting because of Edna's sudden movement.

The district judge, ruling from the bench, explained in detail his decision to deny Adams' motion to suppress. He agreed with Adams that "this was something less than a clear knock and announce with a reasonable opportunity to respond." He further found that "there is certainly nothing that the defendant did that would justify the officer basically putting his hand on the door and opening the storm door." But the judge concluded that Officer Couve's actions were justified if Edna Adams had moved away from the door towards the interior of the residence as the officer had testified. The judge acknowledged that Officer Couve's testimony was impeached by his failure to supplement the police report with an account of Edna's behavior. But after hearing the testimony and observing Officer Couve's demeanor while on the witness stand, he credited the officer's version of events. The judge expressed concern about the incidence of officers testifying at suppression hearings to important information that had not been included in police reports and warned the government that he intended to approach these inconsistencies more skeptically than he had in the past: "As far as I'm concerned, for the knock and announce officer to not make a separate report specifically addressing those issues is irresponsible and I'm going to start holding the police department responsible for that." Despite his concerns, however, the judge denied

the motion to suppress because he believed that Officer Couve testified truthfully that he had feared Edna was about to grab a weapon or destroy evidence.

Adams pleaded guilty pursuant to a written agreement in which he specifically reserved his right to appeal the denial of his motion to suppress. The district court sentenced Adams to 62 months' imprisonment and a five-year term of supervised release. Before Adams filed his notice of appeal, but after the suppression hearing, this court issued its decision in *United States v. Langford*, 314 F.3d 892, 895–96 (7th Cir.2002), *reh'g en banc denied* 60 Fed.Appx. 621, 2003 WL 1796010 (7th Cir. Mar. 27, 2003), *petition for cert. filed*, (U.S. June 25, 2003) (No. 03–5103), which held that the doctrine of inevitable discovery bars the exclusion of evidence as a remedy for a violation of the knock-and-announce rule.

■ On appeal, Adams urges us to overrule our decision in *Langford*, thus allowing the suppression of evidence as a remedy to a violation of the knock-and-announce rule. Adams relies upon the Sixth Circuit's decision in *United States v. Dice*, 200 F.3d 978 (6th Cir.2000), to argue that a search that is not conducted pursuant to a valid warrant *and* a legal entry is unlawful and that, without an exclusionary remedy, the knock-and-announce rule would not deter police misconduct. In advancing these arguments, Adams observes that the "majority of other courts" have refused to bar the exclusion of evidence as a remedy for a violation of the knock-and-announce rule. *See United States v. Banks*, 282 F.3d 699, 703 (9th Cir.2002), *cert. granted*, 537 U.S. 1187, 123 S.Ct. 1252, 154 L.Ed.2d 1018 (Feb. 24, 2003); *United States v. Marts*, 986 F.2d 1216, 1219–20 (8th Cir. 1993); *United States v. Holmes*, 183 F.Supp.2d 108, 111 (D.Me.2002); *United States v. Gonzalez*, 164 F.Supp.2d 119, 124 n. 2 (D.Mass.2001).

This court, however, has considered and rejected the rationale underlying *Dice*, *Banks*, and the other cases cited by Adams that reach similar conclusions. *Langford*, 314 F.3d at 894–95. The panel in *Langford* concluded that barring an exclusionary remedy does not undermine the deterrent effect of the knock-and-announce rule because a defendant may seek recourse through a tort action under 42 U.S.C. § 1983 and that "the knock-and-announce rule is not intended to protect people against being subjected to searches or to limit the obtaining of evidence by means of searches." *Id.* at 895. Recently, in *United States v. Sutton*, No. 02–4086, 2003 WL 21639137 (7th Cir. July 14, 2003), this court reiterated the principle articulated in *Langford* that the suppression of evidence is not a remedy for violation of the knock-and-announce rule. After *Langford*, "suppression of evidence obtained as a result of a search subsequent to a knock-and-announce violation is not available as a remedy." *Sutton*, 336 F.3d at 553–54. The United States Supreme Court has granted certiorari in *United States v. Banks*, 282 F.3d 699 (9th Cir.2002), *cert. granted*, 537 U.S. 1187, 123 S.Ct. 1252, 154 L.Ed.2d 1018 (2003), and it is possible that the Court will reach this issue in resolving that case. But, as the panel in *Sutton* observed, "[u]ntil the Supreme Court issues a decision in [*Banks*] (and that decision addresses the question of the appropriate remedy for a knock-and-announce violation), *Langford* remains controlling in this circuit." *Sutton*, 336 F.3d at 553 n. 2.

■ Furthermore, whether or not an exclusionary remedy is available, the district court did not clearly err when it determined that Officer Couve did not violate the knock-and-announce rule. An officer need not comply with the knock-and-announce rule when he reasonably suspects that doing so will endanger his safe-

ty or enable the destruction of evidence. *Richards v. Wis.,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997); *United States v. Bailey,* 136 F.3d 1160, 1164 (7th Cir.1998). The district judge credited Officer Couve's testimony that Edna Adams moved toward the interior of the house after the knocked on the storm door. Because a district court's credibility determination is entitled to great deference, the judge's finding that Officer Couve's account of events was credible would support the conclusion that the officer did not violate the knock-and-announce rule. *See United States v. Bass,* 325 F.3d 847, 850 (7th Cir.2003). Based on his experience that drug-related searches often involve the presence of weapons or an attempt to dispose of evidence, Officer Couve reasonably suspected that Edna intended to grab a weapon or destroy evidence when he saw her retreat suddenly towards the interior of the house. *See Bailey,* 136 F.3d at 1165.

We acknowledge Adams' concerns about the omission of Edna's sudden movement from Officer Anderson's police report, and we sympathize with the district court's frustration over the lapses in report-writing that occurred in this case. But we also defer to the district court's decision to credit Officer Couve's testimony that he had good reason for not complying with the knock-and-announce rule when he executed the search warrant. Even if *Langford* did not control here, the deference we owe the district court's credibility determinations would compel us to reject Adams' request that we reverse and remand this case for further proceedings. Accordingly, we AFFIRM the district court's denial of the motion to suppress.